IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSEPH MCDONALD,

    Petitioner,

v.                                                  No. CV 09-0022 MV/GBW

JAMES JANECKA,

    Respondent.

MEMORANDUM OPINION AND ORDER

This matter is before the Court on an "Amicus Curiae Motion To Admit Third Party Petitioner And Memorandum Of Points And Authorities In Agreence Of The Motion" (hereinafter the "motion") (Doc. 21) filed on May 29, 2009. The Court will deny the motion.

In the first place, a third party may prosecute a habeas corpus application on behalf of a prisoner if the third party is sufficiently dedicated to the prisoner's interests and has a significant relationship to the prisoner. *See Hamilton v. Texas*, 497 U.S. 1016, 1017 (1990); *Hays v. Murphy*, 663 F.2d 1004, 1008 (10th Cir. 1981); *but see Padilla v. Rumsfeld*, 352 F.3d 695, 703 n. 7 (2d Cir. 2003) (internal citation omitted) (noting that Supreme Court has not ruled on requirement of significant relationship), *rev'd on other grounds by Rumsfeld v. Padilla*, 542 U.S. 426, 451 (2004). Here, the motion is signed by an inmate who is not housed at the same facility as Petitioner. The motion contains no allegation of a significant relationship between movant and Petitioner.

Second, movant fails to adequately explain why Petitioner cannot prosecute his own habeas corpus claims. *See Demosthenes v. Baal*, 495 U.S. 731, 733 (1990); *Hays*, 663 F.2d 1008. "[A] 'next friend' must provide an adequate explanation--such as inaccessibility, mental incompetence, or other disability--why the real party in interest cannot appear on his own behalf to prosecute the

action." *Fleming v. LeMaster*, 28 F. App'x 797, 798 (10th Cir. 2001) (citing *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990)).  Here, movant merely asserts that Petitioner has poor writing skills and no access to a law library.  These are not the kinds of disabilities described in *Fleming*.

Last, and alternatively, movant argues that he should be allowed to represent Petitioner, citing to Fed. R. Civ. P. 23.  Under Fed. R. Civ. P. 23(a)(4), " '[C]lass representatives cannot appear *pro se*' . . . because the competence of a layman is 'clearly too limited to allow him to risk the rights of others.' "  *Fymbo v. State Farm Fire and Casualty Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (citations omitted); *and see Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986).  Because movant is *pro se*, the motion is barred by the rule in *Fymbo*.  Although nothing in this order prohibits movant from assisting Petitioner generally, either Petitioner or an attorney-at-law must sign documents filed on his behalf in this case.  The Court will deny the motion.

IT IS THEREFORE ORDERED that the "Amicus Curiae Motion To Admit Third Party Petitioner And Memorandum Of Points And Authorities In Agreence Of The Motion" (Doc. 21) filed on May 29, 2009, is DENIED.

_____
UNITED STATES MAGISTRATE JUDGE